UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES RAMIREZ, )<br>a/k/a Santiago Ramirez )<br>Defendant. ) | Criminal No. 17-10328-WGY |

**FINAL ORDER OF FORFEITURE**

**YOUNG, D.J.**

WHEREAS, on October 24, 2017, the United States Attorney for the District of Massachusetts filed a two-count Information, charging defendant James Ramirez, a/k/a Santiago Ramirez (the "Defendant"), with Conspiracy to Possess Fentanyl and Cocaine with Intent to Distribute, in violation of 21 U.S.C. § 846 (Count One), and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two);

WHEREAS, the Information also included a Drug Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of any property constituting, or derived from, any proceeds obtained, directly or directly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense;[1]

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the

---

[1] The Information also included a Firearm Forfeiture Allegation, which is not applicable because the Walter P22, .22 caliber pistol, bearing serial number L231714, was administratively forfeited by the Drug Enforcement Administration on May 31, 2018.

exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, identified in the paragraph above, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on November 15, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a written plea agreement that he signed on October 24, 2017;

WHEREAS, in Section 9 of the plea agreement, the Defendant admitted that the assets to be forfeited specifically included, without limitation, the following:

    (a)    the real property described as 5 Everett Avenue, Unit 5-1, Boston, Massachusetts 02125 (the "Real Property"); and

    (b)    one 2013 Ford F-150 truck, bearing vehicle identification number 1FTFW1ET1DFC64686 (the "Vehicle")

(collectively, the "Properties");

WHEREAS, on December 27, 2017, this Court issued a Preliminary Order of Forfeiture against the Properties, among other assets, pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure;

WHEREAS, in addition, this Court ordered the Defendant to forfeit the Properties, pursuant to the terms of the Preliminary Order of Forfeiture;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, the Vehicle's advertisement beginning on December 29, 2017, and ending on January 27, 2018; the Real Property's advertisement beginning on February 6, 2018, and ending on March

7, 2018;

WHEREAS, on February 14, 2018, MECM, LLC ("MECM") filed a timely claim with the Court, asserting an interest in the Real Property;

WHEREAS, on May 31, 2018, the United States, MECM, and Jeremy D. Ramirez filed a settlement agreement, attached hereto as Exhibit 1 and incorporated herein, and based on the Settlement Agreement, the United States has agreed to forfeit $126,358.28 in United States Currency (the "Currency") in lieu of forfeiture of the Real Property;

WHEREAS, no additional claims of interest in the Real Property have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired; and

WHEREAS, no claims of interest in the Vehicle have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Vehicle and the Currency, and are hereby forfeited to the United States of America pursuant to 21 U.S.C. § 853, and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. All other parties having any right, title or interest in the Vehicle and the Currency are hereby held in default.

4. The United States Marshals Service is hereby authorized to dispose of the Vehicle and the Currency in accordance with applicable law.

5. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

Dated: Aug 30, 2018

/s/ William G. Young
WILLIAM G. YOUNG
United States District Judge